UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LUCIO CELLI**, <br><br> Plaintiff, <br><br> v. <br><br> **RANDI WEINGARTEN, et al.**, <br><br> Defendants. | Case No. 21-cv-3359 (CRC) |

## MEMORANDUM OPINION

Public school teacher Lucio Celli, proceeding *pro se*, filed this action raising challenges to his criminal conviction in the U.S. District Court for the Eastern District of New York, as well as claims related to his pending tenure proceedings before the New York City Department of Education ("DOE"). He names more than twenty individual defendants, including Randi Weingarten, the President of the American Federation of Teachers; several federal judges who have presided over his past criminal and civil cases; current and former mayors of New York City; and other federal officials and entities, including President Biden, Senator Charles E. Schumer, and various Senate committees. The Court will dismiss this action *sua sponte* because Celli's claims either do not fall within the Court's subject matter jurisdiction or plainly fail to state a claim on which relief can be granted.

**I.   Background**

A. Prior litigation

Beginning in 2015, plaintiff Lucio Celli was involved in a series of civil cases in the Eastern District of New York ("EDNY") related to his employment with the DOE. See, e.g., Celli v. Cole, No. 15-cv-3679 (E.D.N.Y. Dec. 24, 2016) (dismissing Celli's employment discrimination complaint); Combier v. Portellos, No. 17-cv-2239 (E.D.N.Y. Sept. 28, 2018)

1

(adopting report and recommendation to dismiss claims and counterclaims in dispute between Celli and advocate for employees in disciplinary hearings). In 2018, Celli sent a series of threatening emails to two of the judges who presided over those cases, as well as the then-Chief Judge of the U.S. Court of Appeals for the Second Circuit. See Compl. ¶¶ 2–3, United States v. Celli, No. 19-cr-127 (E.D.N.Y. Nov. 13, 2018). Celli was charged with and pleaded guilty to transmission of threats to injure another, in violation of 18 U.S.C. § 875(c). See J. at 1, United States v. Celli, No. 19-cr-127 (E.D.N.Y. July 20, 2021). U.S. District Judge Paul A. Engelmayer of the Southern District of New York ("SDNY")—sitting by designation after the recusal of all EDNY judges—sentenced Celli to time served, plus two years of supervised release. Id. at 2–3; Designation of District Judge, United States v. Celli, No. 19-cr-127 (E.D.N.Y. Oct. 7, 2020), ECF No. 80. Celli has appealed his conviction. See United States v. Celli, No. 21-1760 (2d Cir.).

While his appeal remains pending, Celli has also filed at least two civil suits—including this one—in other district courts, seeking to collaterally attack his conviction and preclude certain material from his criminal case from being used in any DOE disciplinary hearing. On December 7, 2021, he filed a complaint in SDNY against the DOE, then-New York City Mayor Bill de Blasio, and Senator Schumer, among others. See Compl., Celli v. N.Y. Dep't of Educ., No. 21-cv-10455. In that complaint, Celli raised several objections to the proceedings in both his civil and criminal cases in EDNY. See, e.g., id. at 3 (accusing judge who presided over his initial civil case of misconduct); id. at 8 (claiming ineffective assistance of counsel and "structural error[s]" in criminal case); id. at 11 (raising objection to bail hearing). Presiding over Celli's new civil case in SDNY, Judge Laura Taylor Swain construed the "rambling and disjointed" complaint to raise a § 1983 claim based on alleged constitutional violations in his

criminal case, as well as state-law claims related to his tenure hearing. Celli v. N.Y. Dep't of Educ., No. 21-cv-10455, 2022 WL 19696, at *1–3 (S.D.N.Y. Jan. 3, 2022). On January 3, 2022, Judge Swain dismissed his federal claims because § 1983 was not the proper vehicle to bring a challenge to a criminal conviction, and his state law claims because Celli had not established a basis for diversity or supplemental jurisdiction. See id. at *2–4.

B. This litigation

On December 22, 2021, while his case remained pending in SDNY, Celli filed this suit against Weingarten, several federal judges, Senator Schumer, and President Biden, among others. See Compl. at 1. Two weeks later, Celli amended his complaint to add several defendants, including the prosecutors and defense attorneys involved in his criminal case and Judge Swain, who had recently dismissed his case in SDNY. See Am. Compl. at 1–2. The amended complaint, which is the operative pleading, otherwise contains many of the same allegations Celli raised before Judge Swain.[1] Indeed, much of the 39-page document appears to be largely cribbed from various past court filings, and it occasionally addresses other district judges directly. The Court finds the complaint meandering and difficult to follow.

To the extent the Court can make out Celli's arguments, he apparently now frames his claims against the various federal officers and judges as "an action for declaratory judgment

---

[1] After amending his complaint once as of right, see Fed. R. Civ. P. 15(a)(1), Celli filed without leave of court several supplements and addenda to his amended complaint, see Suppl. (Jan. 23, 2022), ECF No. 3; Suppl. (Jan. 31, 2022), ECF No. 5. The new material raises claims of misconduct by several other federal judges, and alleges that Celli's appointed counsel in his criminal appeal ignored requests to make certain filings in the Second Circuit.

Celli has also requested that the Court order the U.S. Marshals to effectuate service on several of the defendants, as the conditions of his supervised release currently prevent him from making contact with these individuals. See Mot. for Service (Jan. 31, 2022), ECF No. 6. Because the Court dismisses the complaint in its entirety, it denies this motion as moot.

pursuant to the Federal Declaratory Judgment[] Act, 28 U.S.C. §§ 2201–2202, and Rule 57 of the Federal Rules of Civil Procedure." Am. Compl. at 2. Elsewhere, Celli suggests that he may have "a cause of action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)," although he also clarifies that he seeks no monetary damages. Id. at 6–7. Celli alleges that he has suffered several "[c]onstitutional torts," including violations of the First, Fourth, Fifth, and Sixth amendments. Id. at 5. In addition, Celli seeks relief related to his upcoming DOE tenure hearing. In particular, he asks for certain limits on what can be considered at the hearing under New York Education Law § 3020-a. See id. at 19–22 (discussing factors for evaluating employment of those convicted of criminal offense under New York Correction Law Art. 23-a). It is unclear, however, what cause of action supports this requested relief, and whether Celli believes he is entitled to such an injunction under state or federal law.

## II. Legal Standards

Because federal courts have only limited jurisdiction, Noel Canning v. NLRB, 705 F.3d 490, 496 (D.C. Cir. 2013), if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). Courts may issue such a dismissal *sua sponte* at any time, including "prior to service on the defendant," if "it is evident that the court lacks subject matter jurisdiction." Caldwell v. Kagan, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (quoting Evans v. Suter, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010); see also Hurt v. U.S. Ct. of Appeals for the D.C. Cir., 264 F. App'x 1, 1 (D.C. Cir. 2008) ("It was proper for the district court to analyze its own jurisdiction sua sponte and dismiss the case for lack of jurisdiction.").

4

The Court may also "*sua sponte* dismiss a claim pursuant to Rule 12(b)(6) without notice where it is patently obvious that the plaintiff cannot possibly prevail based on the facts alleged in the complaint." Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 127 (D.C. Cir. 2012) (internal quotation marks omitted); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (to do otherwise would "lead to a waste of judicial resources" in cases "where the plaintiff has not advanced a shred of a valid claim"); Best v. Kelly, 39 F.3d 328, 330–31 (D.C. Cir. 1994) (a court may *sua sponte* dismiss a complaint under Rule 12(b)(6) when a complaint is "legally frivolous").

Although *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007), even a *pro se* plaintiff "must meet his burden of proving that the Court has subject matter jurisdiction over the claims, including when the court raises the issue sua sponte," Fontaine v. JPMorgan Chase Bank, N.A., 42 F. Supp. 3d 102, 106 (D.D.C. 2014) (citing Hurt, 264 F. App'x at 1). "Likewise, although a pro se complaint must be construed liberally, the complaint must still present a claim on which the Court can grant relief." Smith v. Scalia, 44 F. Supp. 3d 28, 36 (D.D.C. 2014) (internal quotation marks omitted).

### III. Analysis

Celli's pleadings contain two groups of claims: federal constitutional challenges related to various court proceedings, in particular his recent criminal conviction in EDNY; and requests for relief related to his DOE tenure proceedings, which seem to arise under state law. The Court will dismiss both sets of claims *sua sponte*. As to the federal claims, Celli either has not established federal question jurisdiction or has failed to state a claim upon which relief can be

5

granted. And as to any state-law claims, Celli has not properly invoked this Court's diversity jurisdiction. Accordingly, the Court will dismiss the complaint in its entirety.

    A. <u>Federal claims</u>

        *1. Jurisdiction*

Based on how Celli framed his federal claims in his complaint, the Court does not have jurisdiction. In his amended complaint, Celli describes his suit as "an action for declaratory judgment pursuant to the Federal Declaratory Judgment[] Act, 28 U.S.C. § 2201–2202, and Rule 57 of the Federal Rule of Civil Procedure." Am. Compl. at 2. Neither is sufficient to establish federal question jurisdiction under 28 U.S.C. § 1331. It is a "well-established rule that the Declaratory Judgment Act is not an independent source of federal jurisdiction." <u>Miriyeva v. U.S. Citizenship & Immigr. Servs.</u>, 9 F.4th 935, 945 (D.C. Cir. 2021); <u>see also</u> <u>Metz v. BAE Sys. Tech. Sols. & Servs. Inc.</u>, 774 F.3d 18, 25 n.8 (D.C. Cir. 2014) (explaining that "the availability of [declaratory] relief presupposes the existence of a judicially remediable right"). And Rule 57, which applies the federal rules to declaratory judgment proceedings, likewise does not independently confer jurisdiction. <u>Senate Select Comm. on Presidential Campaign Activities v. Nixon</u>, 366 F. Supp. 51, 55–56 (D.D.C. 1973); <u>see also</u> <u>Mead v. City First Bank of DC, N.A.</u>, 256 F.R.D. 6, 7 n.1 (D.D.C. 2009) (explaining Rule 57 is not "a federal law under which [a] civil action arises" and "cannot establish this court's jurisdiction under 28 U.S.C. § 1331"). Celli thus has not established federal question jurisdiction, at least taking his complaint at face value.

        *2. Failure to state a claim*

Under a more liberal reading of the *pro se* complaint, however, the Court can identify a set of potential claims over which it does have jurisdiction. In particular, in the jurisdictional section of his pleading, Celli discusses several distinct "[c]onstitutional torts"—for violations of

6

the First, Fourth, Fifth, and Sixth Amendments—all of which apparently relate to his criminal trial in EDNY and still-pending appeal to the Second Circuit. Am. Compl. at 5. With respect to these claims, Celli seems to ask for injunctive relief. See, e.g., Am. Compl. at 36 (asking for assignment of a new judge to preside over his "structural error claims"). To the extent Celli does indeed bring constitutional claims for injunctive relief, he has a direct cause of action over which this Court has jurisdiction.[2] See Trudeau v. FTC, 456 F.3d 178, 190 & n.22 (D.C. Cir. 2006) (explaining that court has "inferred" a "direct cause of action" for injunctive relief under various constitutional provisions); Hubbard v. U.S. E.P.A. Adm'r, 809 F.2d 1, 11 n.15 (D.C. Cir. 1986) ("The court's power to enjoin unconstitutional acts by the government . . . is inherent in the Constitution itself.").

But even when so construed, Celli's federal claims must be dismissed because he cannot collaterally attack his criminal conviction in another district through a constitutional challenge in this Court. "[I]t is well-settled that a prisoner seeking relief from his conviction or sentence may not bring" an action for "injunctive and declaratory relief" to do so. Williams v. Hill, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (citing Preiser v. Rodriguez, 411 U.S. 475 (1973); Chatman-Bey v. Thornburgh, 864 F.2d 804, 808–10 (D.C. Cir. 1988) (en banc)); see also Heck v. Humphrey, 512 U.S. 477, 486 (1994) ("[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments[.]"). Rather, if Celli wants to challenge his criminal conviction, he must do so through the appropriate mechanisms laid out by statute: a direct

---

[2] Celli elsewhere suggests that he may have Bivens claims against various federal officials. See Am. Compl. at 6–7. But a Bivens action is one "against a federal officer seeking damages." Simpkins v. D.C. Gov't, 108 F.3d 366, 368 (D.C. Cir. 1997). Because Celli here disclaims any request for damages, and instead seeks only declaratory and injunctive relief, his claims do not arise under Bivens. See Jones v. Hurwitz, 324 F. Supp. 3d 97, 100 (D.D.C. 2018).

appeal, which he has filed and which remains pending; or a motion to vacate under 28 U.S.C. § 2255, which he can only file in "the court which imposed the sentence," 28 U.S.C. § 2255(a). Celli therefore "cannot possibly win relief," Baker, 916 F.2d at 726, on his federal claims in this court.  As a result, the Court will still dismiss his claims *sua sponte* for failure to state a claim.

    B.  State-law claims

Beyond his constitutional challenges, Celli's remaining allegations relate to his § 3020-a tenure proceedings before the New York City DOE.  He seeks, among other things, to limit the use of certain evidence at the hearing, compel the presence of several witnesses (including several federal judges and Senator Schumer), and force the DOE and the United Federation of Teachers to provide him an explanation about his entitlement to certain backpay.  See Am. Compl. at 19–22, 29, 35.  The complaint does not clearly state what source of law or cause of action supports these requests for relief.  To the extent the Court can discern any, these claims seemingly arise under various state laws governing teacher tenure proceedings.  See, e.g., Am. Compl. at 19 (discussing New York Correction Law Art. 23-a).  The Court will dismiss these claims because it has no jurisdiction over them.

The sole potential basis for jurisdiction over any state-law claims is diversity jurisdiction. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." Bush v. Butler, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373–74 (1978)).  Here, Celli's own pleadings reveal that there is not complete diversity of citizenship.  Celli, who resides in New York, identifies at least one defendant as a fellow citizen of New York—U.S. District Judge for the Eastern District of New York Brian M. Cogan, whom Celli places at the court's address in Brooklyn, New York.  See

Am. Compl. at 1, 6.  Several other named defendants are also undoubtedly New York citizens as well—including Senator Schumer, who represents the state in Congress, and New York City Mayor Eric Adams.  See id. at 1.  Because Celli names several non-diverse defendants, his claims do not implicate the Court's diversity jurisdiction.

To be sure, the Court has the authority under Federal Rule of Civil Procedure 21 "to dismiss so-called 'jurisdictional spoilers'—parties whose presence in the litigation destroys jurisdiction."  In re Lorazepam & Clorazepate Antitrust Litig., 631 F.3d 537, 542 (D.C. Cir. 2011).  But the Court cannot do so if it would be impossible to "accord complete relief" with only the remaining parties.  See Fed. R. Civ. P. 19(a)(1)(A).  Here, the Court cannot accord any relevant relief against only the diverse defendants.  To the extent Celli has pleaded distinct state-law claims, his desired injunction appears to focus on his upcoming § 3020-a tenure hearing.  As a result, that relief must run against the New York defendants involved in that proceeding—most notably DOE Superintendent Sabrina Cook, see Celli, 2022 WL 19696, at *1.  Indeed, the diverse defendants—who include President Biden, Attorney General Garland, and various Senate committees—have no obvious connection to Celli's claims.  See also Celli, 2022 WL 19696, at *3.  Because the non-diverse defendants are necessary to the resolution of the claims, the Court will not allow amendment of the complaint to attempt to establish diversity jurisdiction.

Finally, the Court declines to exercise supplemental jurisdiction over any of Celli's state-law claims.  Although federal courts have supplemental jurisdiction over state claims that form the same "case or controversy" as federal claims over which they have original jurisdiction, a court "may decline to exercise" that jurisdiction when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(a), (c)(3).  Courts consider several factors when determining whether to exercise supplemental jurisdiction, including "judicial economy,

9

convenience, fairness, and comity." Shekoyan v. Sibley Int'l, 409 F.3d 414, 424 (D.C. Cir. 2005). When all federal claims have been dismissed before trial, the balance of these factors generally "will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). The Court has already dismissed all the federal claims over which it had original jurisdiction here. Given the early stage of that dismissal—before any dispositive motions or discovery—it is appropriate to decline to exercise jurisdiction over Celli's state-law claims.

## IV. Conclusion

For the foregoing reasons, the Court will dismiss Celli's suit, in its entirety, with prejudice. A separate Order shall accompany this memorandum opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: January 31, 2022